THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN PASKEWICZ, SR., and Another, Appellants.— Judgments of conviction reversed and new trial granted, in the interests of justice. Opinion *per curiam* (which is not to be published because not of general interest). Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.

TACONIC LAKE ASSOCIATION, Appellant, v. WILLIAM I. RODIER and Another, Respondents.— Appeal by plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Rensselaer on the 19th day of October, 1933. Plaintiff instituted this action against two of its members to declare valid one of its by-laws and to compel defendants to surrender to it their respective deeds of lands owned by them and accept in exchange therefor new deeds containing different descriptions. The trial court dismissed the complaint. Upon a former appeal (242 App. Div. 669) this court unanimously affirmed the judgment. Later and on plaintiff's application this court (242 App. Div. 739) directed a reargument. After reargument the judgment is modified in the following particulars: The 50th finding of fact is modified so that it shall read: " 50. That Roscoe V. Wolfe and Susan R. Wolfe, his wife, for a valuable consideration paid by the defendant William I. Rodier, conveyed to the said Rodier by deed dated August 30, 1911, and recorded in the office of the clerk of the county of Rensselaer September 7, 1912, in Book of Deeds No. 342 at page 169, the lands conveyed by Taconic Lake Association, the plaintiff, to Francis Donofrio by the deed dated June 21, 1907 and by Donofrio and wife to Wolfe by the deed dated May 19, 1911, and that since August 30, 1911, the date of said deed, the said Rodier has been and now is the owner of such premises." The 53rd finding of fact is modified so that it shall read: " 53. That said Baum now is and has been since the said 22nd day of August, 1907, the owner of the lands conveyed by the plaintiff to him by the said deed dated August 22, 1907." The court reverses finding of fact 62 contained in the decision. The court also disapproves of and reverses conclusion of law No. 13 contained in such decision. The judgment as so modified is affirmed, with costs to respondents. Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ., concur.